131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In r: BERNARD KABAGE AND JENNIFER KABAGE, Debtors.
BERNARD KABAGE; JENNIFER KABAGE, Debtors-Appellants,
v.
RICHARD J. SPEAR, Trustee-Appellee.
 No. 96-16906.
 United States Court of Appeals, Ninth Circuit.
 Nov. 28, 1997.
 
 Appeal from the United States District Court for the Northern District of California
 D. Lowell Jensen, District Judge, Presiding
 Before: GOODWIN, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bernard and Jennifer Kabage appeal the district court's order affirming the bankruptcy court's denial of their homestead exemption claim and discharge in bankruptcy, and the district court's denial of their request to treat their appeal from the bankruptcy court's order indicating its disinclination to rule on the Kabages' Rule 60(b) motion, as a motion to remand. We have jurisdiction, 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 * The Kabages contend that the bankruptcy court erred in denying their exemption because they contend the $74,430.79 distributed to Mr. Kabage from the proceeds of the state court partition sale were the proceeds of the sale of Mr. Kabage's real property. We disagree, as Mr. Kabage's equity in the real property amounted to roughly $213,000, which was insufficient to cover his share of the liens against the real property, including the Cloud lien for which Mr. Kabage was 100% responsible. The state court in partition proceedings had valued Kabage's interest in concession rights at approximately $175,000. To make up the difference between Mr. Kabage's equity and the amount owed to lien creditors, the referee applied part of this $175,000 to pay of the liens, leaving $74,000. As this sum represents the balance of proceeds from the sale attributable to Kabage's interest in concession rights, not the real property, it is not exempt. Kabage's interest in the concession rights was derived from a contract, and was separate from the Kabages' interest in the real property, as they themselves indicated by treating them separately on Schedule C. They claimed a homestead exemption only with respect to their share of the real property, which they valued at $426,800, an amount that excluded the value of the concession rights.
 
 
 4
 Nor was there a merger of the two interests, as the Kabages contend, because Kabage's interest was in concession profits in a business conducted at the race track, not an interest in the real property. It therefore could not "merge" into Kabage's half-interest in the real property.
 
 
 5
 The Kabages also contend that, since only co-owned property may be sold at a partition sale, the concession rights must have constituted part of Kabage's interest in the jointly-owned real property. We disagree, as the state court exercised its power under Cal.Code Civ. Proc. § 872.120 to sell the concession rights along with the real property. It does not follow that Kabage's contract right was an interest in real property just because the real property was sold in a partition action and the state court treated part of the proceeds as compensation for Kabage's loss of concession rights.
 
 
 6
 The Kabages argue that the court has failed to recognize that an interest in property that is not in and of itself land can become real property when it is affixed, incidental or appurtenant to land. However, the right created by the contract between Kabage and the Podsakoffs was the right to a stream of payments from a business operated on the real property, not an interest in the underlying real property.
 
 II
 
 7
 The Kabages contend that the bankruptcy court failed to give full faith and credit to the state court's third interlocutory order. But that order did not find or conclude that Kabage owned an "easement" on the property.
 
 III
 
 8
 The Kabages' argument that the bankruptcy court incorrectly concluded that Mr. Kabage's distribution on account of his real property rights from the proceeds of the sale of the 17001 Midway Road property was limited to his 50% record title interest also fails. The contract between Mr. Kabage and the Podsakoffs says nothing about giving Kabage a greater equity share in the real property. The contract created a personal property right to the concession profits generated by the business on the property. That the state court made comments which could be interpreted as critical of the bankruptcy court's priority determination is immaterial.
 
 IV
 
 9
 The Kabages maintain that the bankruptcy court erred in denying their discharge petition, but clearly it did not. There was no abuse of discretion, gross or otherwise, in finding fraud. The Kabages were asked to turn over the $74,000 to the trustee, but they didn't despite being required to do so. 11 U.S.C. §§ 521(4), 541(a)(1). Actual intent to defraud may be inferred from circumstantial evidence, see In re Devers, 759 F.2d 751, 754-54 (9th Cir.1985). The evidence shows that the Kabages knew of the trustee's demand for the partition sale proceeds and refused to turn them over; that over a three to four month period of time the Kabages drew checks made out to "cash" for more than $50,000; and that Mr. Kabage was unable to account for how the cash was spent in such a short period of time, was evasive as to certain transfers to his attorney, and was inconsistent in his answers regarding other transfers of money. The bankruptcy court therefore did not abuse its discretion in denying the discharge. In re Roosevelt, 87 F.3d 311, 314 n. 2 (9th Cir.1996).
 
 V
 
 10
 Finally, the Kabages argue that the district court abused its discretion by refusing to remand the case to the bankruptcy court in order to allow it to review the denial of the Kabages' motion to vacate the judgment. Whether or not the district court could have treated the Kabages Rule 60(b) motion as a request to remand, such a request would lack merit. It was based on the state court's comments which we have already indicated are immaterial, and which, since they are not new evidence or a new order, do not warrant relief in any event. Thus we see no abuse of discretion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3